### SHARP *v.* RIESSNER and others.*

*(Circuit Court, S. D. New York.* March 14, 1883.)

PATENTS FOR INVENTIONS—HYDROCARBON STOVES.

Where defendants' combination lacks essential elements of the plaintiff's invention, the bill for an infringement will be dismissed.

In Equity.

*Arthur v. Briesen,* for plaintiff.

*Benj. F. Lee,* for defendants.

SHIPMAN, J. This is a bill in equity to restrain the defendants from the alleged infringement of letters patent, now owned by the plaintiff, which were issued on May 16, 1876, to Abner B. Hutchins, for an improvement in hydrocarbon stoves. The invention is said in the specification to consist of the following devices: "The vessel or chamber containing the oil or hydrocarbon is submerged in water, so as to always keep the said oil vessel or chamber cool, and thereby free from explosion or other accident. The water vessel is covered with a perforated metal plate, which forms the base of the hot-air cylinder, on the top of which the culinary or other vessels to be heated are to be placed. Vertical tubes or flues are placed in the hot-air cylinder in such positions as to act as chimneys for the

---

*Affirmed. See 7 Sup. Ct. Rep. 417.

burners. Mica windows are placed in the sides of these flues' so as to enable the operator to watch the flames. The method of construction of so much of the stove as is material to this case is described in the specification as follows:

"The base of the stove consists of a vessel, A, resting for convenience on short legs, a. This vessel is intended to contain water, and has a top plate, A', which is preferably made of cast metal, and strong enough to support all the parts of the stove which are above it. This plate, A', is annular in form if the stove is of general cylindrical construction, (which is preferable to other forms,) the central opening in the said plate being nearly equal in area to the sectional area of the hot-air cylinder, C, which rests upon it. Concentrically arranged around this central opening is a series of preforations, a', through which atmospheric air passes down into the top part of the vessel, A, and thence up through the hot-air cylinder and its chimneys. * * * The hot-air cylinder, C, is preferably built of sheet-metal, and is hinged to its base-plate, A', by the hinge, c, at the back side of the stove, so as to permit the top parts of the stove to be tipped back out of the way of trimming the wick, or for other purposes."

The first claim, and the only one which is said to have been infringed, is as follows:

"The water vessel, A, with its perforated top plate, A, and hot-air cylinder, C, hinged at c to plate A', and top perforated plate, L, all arranged and connected together substantially as and for the purpose set forth."

The perforated plate, A', and the hinge at c to plate, A' are the important features of this combination.

In the defendants' stove the cylinder rests upon three struts, which extend from the base-ring of the cylinder to the wall of the water chamber, so that the weight of the cylinder and the utensils which may be placed upon it is thrown against the wall instead of upon the bottom of the water chamber. The cylinder is hinged to its base-ring. The contention of the defendants is that they 'make their stove in accordance with the construction shown or pointed out in the Canadian letters patent of May 15, 1873, to James Henry Thorp, as assignee of John A. Frey, for "The Summer Queen Improved Coal-oil Stove," and as such stoves were made in New York in 1873 by Mr. Frey, the inventor. Whatever may be said by the plaintiff in regard to Frey's hinging his cylinder upon the base-ring, I think that it will not be denied that he used the defendants' three struts before 1873. It is sufficient for the purpose of this case to say that the three struts are not the plaintiff's perforated base-plate, A'. The object of this perforated plate was to perform a peculiar and material function in addition to that of supporting the cylinder, and which was to admit air through the

perforations to the flame in a certain way, viz., by passing "down into the top part of the vessel, A, and thence up through the hot-air cylinder and its chimneys." The defendants' struts do not perform the office which required perforations and a plate.

It is not necessary to determine whether the location of the defendants' hinge was described in the Canadian patent with such accuracy as to show to the public how or where it was to be placed, or whether it was a mere vague suggestion of what might be done, or whether, as is claimed by the defendants, the hinging to the base-ring in the manner now used was in fact adopted and was in public use in the city of New York in 1873, because the defendants' structure does not contain the perforated plate, A', of the patented combination.

Let the bill be dismissed.